UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CELIA SZASZ,

        Plaintiff,                            CIV. NO. 12-15619

     v.                                 HON. TERRENCE G. BERG

DOLGENCORP, LLC            HON. MARK A. RANDON

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO COMPEL (DKT. 20)

In this action, Plaintiff alleges that Defendant, her former employer[1], failed to accommodate a disability under the Michigan Persons with Disabilities Civil Rights Act. Plaintiff was employed by Defendant from June 2007 through December 2011. At the time of her discharge, Plaintiff held the full-time position of Assistant Store Manager for Defendant's Washington, Michigan store.

Following an auto accident and injury in July 2011, Plaintiff sought and was granted leave under the Family Medical Leave Act (FMLA). When Plaintiff's FMLA leave expired, Plaintiff was granted

---

[1] Defendant Dolgencorp, LLC operates the "Dollar General" discount retail stores.

an additional six weeks of leave under Defendant's medical leave of absence policy, which was scheduled to be exhausted on December 11, 2011.

On or around November 2, 2011, Plaintiff submitted a certification from her medical provider that permitted her to return to work, but with restrictions of working only up to four hours per day (*i.e.*, part-time) and lifting no more than ten pounds. Defendant informed Plaintiff that she could not return to her position as an Assistant Store Manager with such restrictions, and her employment was terminated.

This matter is before the Court on Plaintiff's motion to compel discovery (Dkt. 20). Defendant has filed a response in opposition to the motion to compel. (Dkt. 24). The Court has reviewed the parties' filings, and finds that oral argument will not significantly aid the decisional process. Thus, pursuant to E.D. Mich. LR 7.1(f)(2), this matter will be decided on the briefs and the hearing that was set for September 23, 2013 is hereby cancelled. For the reasons, and subject to the limitations, set forth below, Plaintiff's motion is **GRANTED**.

## **STANDARD OF REVIEW**

A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(2)–(3).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Relevance is broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. *Id.*

The Sixth Circuit has held that "[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotations omitted).

A trial court has broad discretion to determine the proper scope of discovery. *Id.*; *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir. 1991) ("[T]he trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant").

## **DISCUSSION**

This discovery dispute centers on the extent to which Defendant must respond to the following interrogatory, propounded by Plaintiff:

> Please provide the name, contact information and job title of EVERY employee, supervisor, manager, general manager, agent, and contractor of Defendant that Defendant has ever provided work accommodations to because of a disability. For each, state:
>
> a. Job duties before the requested accommodation;
> b. The date request was received;
> c. How received (i.e. mail, email, fax, phone, etc.) Please attach copies of any and all communications pursuant to FRCP 34;
> d. Reason the accommodation was needed;
> e. The date accommodation was given;
> f. What accommodation was given;
> g. The name and contact information of the person who granted the accommodation.
> h. Please provide the name, contact information and job title of EVERY employee, agent, and contractor of Defendant that has ever reviewed Plaintiff's request for accommodation.

Defendant objects to this interrogatory as overbroad and unduly burdensome; Plaintiff disagrees. The Court held several telephone conferences with the parties to attempt to assist the parties in reaching a resolution to this dispute. During these conferences, the Court agreed that Plaintiff's interrogatory was overly broad and unduly burdensome as propounded,[2] but also concluded that Defendant should be required to produce a response, limited to accommodations given to those Dollar General employees in Michigan stores, over the past three years. The Court directed the parties to work together to define the precise scope of the information that Defendant would provide to Plaintiff, and the time-frame for Defendant to gather and produce this information. The parties failed to reach any agreement, leading to Plaintiff's motion to compel.

After careful review of the parties' authorities and arguments, the Court orders the following: Defendant is to contact the Regional and Store Managers of its 335 Michigan stores and determine whether any **Assistant Store Managers** (*i.e.*, the position Plaintiff held) have been granted **any** weight-lifting restrictions (*i.e.,* of any weight, not merely

---

[2] Plaintiff's interrogatory, as written, is unlimited in geographic scope and time-frame. Defendant is a national retail chain, founded in 1939, and it currently operates over 10,000 stores in 40 states.

10 pound lifting restrictions) or part-time work accommodations, in the past three years. Defendant shall have 30 days[3] to accomplish this task. Defendant shall produce the information gathered through this inquiry to Plaintiff, in the form of an amended response to the interrogatory quoted above. Defendant's response should provide all the information requested by the interrogatory, including what specific accommodation was given, by whom, and to whom.

Following this 30-day period, discovery will be reopened for a period of 60 days. The Court directs the parties to pursue discovery diligently during this period. As soon as any party determines that a witness should be deposed, counsel shall immediately confer and schedule mutually agreeable dates for such depositions. The Court will not extend the discovery period further if it appears that any party has not exercised due diligence and proceeded with dispatch in actively pursuing discovery during this period. If Plaintiff currently knows which witnesses she wishes to depose, Plaintiff is directed to immediately confer with Defendant to agree upon dates for such depositions.

---

[3] If this information cannot be reasonably compiled within 30 days, Defendant is directed to seek concurrence for a brief extension from Plaintiff and to complete the disclosure by the agreed-upon date.

The Scheduling Order (Dkt. 9) in this case is hereby modified, to the following extent:

Discovery due by: **12/6/2013**

Dispositive motion cut-off: **1/6/2014**

Final Pretrial Conference: **3/27/2014 at 10:00 a.m.**

Jury Trial: **4/7/2014 at 9:00 a.m.**

**SO ORDERED.**


s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2013


Certificate of Service

I hereby certify that this Order was electronically submitted on September 6, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager