UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CELIA SZASZ,

        Plaintiff,                      CIV. NO. 12-15619

        v.                              HON. TERRENCE G. BERG

DOLGENCORP, LLC

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DKT. 27)**

This is an employment discrimination action, brought under Michigan's Persons with Disabilities Civil Rights Act (the "PWDCRA"), Mich. Comp. Laws § 37.1102. Defendant Dolgencorp, LLC's ("Defendant's") motion for summary judgment (Dkt. 27) is before the Court. Plaintiff Celia Szasz ("Plaintiff") filed a response brief (Dkt. 28) and Defendant filed a reply brief (Dkt. 30). The Court heard oral argument on April 17, 2014. For the reasons discussed more fully below, the Court finds that Plaintiff cannot establish a prima facie case under the PWDCRA. Therefore, Defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

                                **I.     BACKGROUND**

At the outset, the Court notes that Plaintiff did not follow the Court's practice guidelines in responding to Defendant's motion for summary judgment. These guidelines are available on the Court's website, and provide as follows:

A Rule 56 motion must begin with a "Statement of Material Facts." Such a Statement is to be included as the first section of the Rule 56 Motion. The Statement must consist of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment. Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.... The Statement of Material Facts counts against the page limit for the brief. No separate narrative facts section shall be permitted.

The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which facts are admitted and which are contested. The paragraph numbering must correspond to moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence. Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.[1]

Defendant's motion for summary judgment complied with the Court's practice guidelines, and listed 32 "Material Facts," with specific citations to the record. Plaintiff's response brief (Dkt. 28) offered no "Counter-statement" in response to Defendant's motion, but rather, she independently proffered her own list of 14 facts. Without such a counter-statement, Plaintiff fails to identify clearly which of Defendant's 32 material facts are subject to dispute.[2] The Court nonetheless conducted a thorough review of the parties' briefs, oral arguments, and exhibits and gleaned the following facts, which are viewed in a light most favorable to the non-moving party, Plaintiff:

---

[1] Available at -- http://www.mied.uscourts.gov/PDFFIles/BergPracticeGuidelines.pdf

[2] **Error! Main Document Only.**See, e.g., Akines v. Shelby Cnty. Gov't, 512 F. Supp. 2d 1138, 1147 (W.D. Tenn. 2007) (deeming the defendant's statement of undisputed material facts as having been admitted by the plaintiffs, where the plaintiffs failed to file a counter-statement of material facts, as directed by local rule).

Plaintiff was employed by Defendant from June 2007 through December 2011 at Defendant's Washington, Michigan store (Dkt. 27, Ex. H, Szasz Depo., pp. 8-9, 11).[3] Dollar General is a discount retailer of general merchandise items, including groceries, cleaning supplies, clothing and household items (Dkt. 27, Decl. of J. Unger, ¶ 3).

Following a motor vehicle accident in July 2011, Plaintiff sought and was granted FMLA leave, which was scheduled to be exhausted in November 2011 (Dkt. 27, Ex. C). On or around November 2, 2011, Plaintiff submitted a note from her medical provider that permitted her to return to work, but with restrictions of working up to four hours per day and lifting up to ten pounds; the restrictions did not contain any expiration date (Dkt. 27, Ex. D; Szasz, pp. 39-40, 42-43). With these restrictions, Defendant contends that Plaintiff was unable to perform the job duties required of an Assistant Store Manager, which include "frequent and proper lifting of up to 40 pounds and occasional lifting of up to 55 pounds" (Dkt. 27, Ex. D; Szasz, p. 88-89, Ex. 2).

Upon receiving the work restrictions on or around November 4, 2011, Defendant permitted Plaintiff to take an additional six weeks of leave under its Medical Leave of Absence Policy, allowing Plaintiff more time to recover (Dkt. 27, Szasz, pp. 46-47, Exs. B and C; Cherry Depo., pp. 22, 65-66, 81-82, 85-89).

Plaintiff's restrictions were still in place when her Company Medical Leave exhausted, and appear to remain in effect to the present day (Dkt. 27, Ex. D; Szasz,

---

[3] Defendant also deserves some remonstration for failing to follow the Court's practice guidelines. Parties are required to file complete copies of deposition transcripts; Defendant filed only excerpts of transcripts.

pp. 7, 65-66, 69). In correspondence to Defendant dated October 15, 2012, Plaintiff's attorney proposed the following "accommodations" for Plaintiff: "limiting her schedule to 4 hours a day…a stool behind a cashier post and instead of stocking heavy merchandise, restrict her re-stocking of merchandise [to] less than 10 pounds" (Dkt. 27, Ex. E). Following the filing of her lawsuit, Plaintiff suggested as another accommodation that the duties that required lifting could be performed by other employees. (Dkt. 27, Szasz, pp. 92-93, 106).

## II. ANALYSIS

### A. *Summary Judgment Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56. A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for

4

trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

### B. Plaintiff Cannot Establish A Prima Facie Case Under The PWDCRA

The PWDCRA guarantees to all persons the right to be free from discrimination on the basis of a disability, as that term is defined. Defining its primary objective, the PWDCRA provides in pertinent part: "(1) [t]he opportunity to obtain employment ... without discrimination because of a disability is guaranteed by this act and is a civil right. (2)[A] person shall accommodate a person with a disability for purposes of employment ... unless the person demonstrates that the accommodation would impose an undue hardship." Mich. Comp. Laws § 37.1102. The PWDCRA further provides that an employer shall not "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms,

5

conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position." Mich. Comp. Laws § 37.1202(1)(b).

It is not considered discrimination under the PWDCRA to refuse to accommodate an employee whose disability is directly related to the employee's ability to perform the duties of her job. *See Carr v. General Motors Corp.*, 425 Mich. 313, 323 (1986) (holding that an employee whose disability is related to his ability to perform the duties of his position is not disabled under the act and therefore an employer has no duty to accommodate). Noting that many types of accommodation required by the act are unrelated to ability to perform, such as wheelchair ramps, wide doorways or hallways, raised numbers for the blind, adopting alternative testing measures for disabled individuals, reassigning parking or office locations, the court in *Carr* refused to adopt the court of appeals' reasoning that the PWDCRA is meaningless without accommodation related to disability: "The Legislature has spoken clearly and has mandated, not just once but many times throughout the HCRA [the predecessor act to the PWDCRA] that the only handicaps covered by the act, for purposes of employment, are those unrelated to ability to perform the duties of the position." 425 Mich. at 321–22. Thus, a "successful claim under the [PWDCRA] requires a finding that plaintiff is physically limited in a way *unrelated* to his ability to work." *Kerns v. Dura Mechanical Components, Inc.*, 242 Mich.App. 1, 17 (2000) (emphasis added).

6

In disputes regarding what the duties of a particular job are, the employer's judgment is entitled to substantial deference. *See Peden v. City of Detroit*, 470 Mich. 195, 219 (2004). Where an employee is unable to demonstrate that she can perform the essential functions of her job, and therefore cannot demonstrate disability under the act, the employer is not obligated to allow the employee a "reasonable time to heal." *Lamoria v. Health Care & Retirement Corp.*, 233 Mich.App. 560, 562 (1999) (rejecting an earlier holding that an employee who, on the date of discharge, is unable to perform the requirements of his job because of a disability must be given a reasonable time to heal and holding that an employer is not required to allow a disabled employee a reasonable time to heal). *See also Kerns, supra* 242 Mich.App. at 16 ("an employer's duty to make a 'reasonable accommodation' ... does not extend to granting the plaintiff a medical leave until such time as he would be able to perform the requirements of his job").

Plaintiff alleges in her Complaint that, during her employment with Defendant, the company failed to "provide plaintiff with a reasonable accommodation that would allow her to perform the essential functions of her job" (Dkt. 1, ¶ 24). To establish a prima facie case that she was denied a reasonable accommodation under the PWDCRA, Plaintiff must show that: (1) she is disabled within the definition of the PWDCRA; (2) Defendant knew of the disability or should reasonably be expected to know of it; (3) an accommodation would allow Plaintiff to perform her job, and (4) Defendant refused to make such an accommodation. *See Bachman v. Swan Harbour Ass'n*, 252 Mich.App. 400 (2002). A

requested accommodation for a disability must not impose an undue hardship on the employer and must be reasonable. *See* Mich. Comp. Laws § 37.1102(2) ("[A] person shall accommodate a person with a disability for purposes of employment ... unless the person demonstrates that the accommodation would impose an undue hardship."); *Buck v. Thomas M. Cooley Law Sch.*, 272 Mich.App. 93, (2006) ("[D]enial of some or all of a request for accommodation is not a violation of the [PWDCRA] if that denial is not unreasonable"); *Means v. Cellco P'ship*, 468 Fed. App'x 499, 503 (6th Cir. 2012).

In this case, the relevant job description states that Assistant Store Managers are "required to engage in frequent and proper lifting of up to 40 pounds and occasional lifting of up to 55 pounds" (Dkt. 27, Szasz Depo. Ex. 2; Dkt. 30, Decl. of J. Unger, ¶¶ 4, 8). Defendant's written job description for Assistant Store Managers reads likewise: "frequent handling of merchandise…frequent and proper lifting of up to 40 pounds; occasional lifting of up to 55 pounds" (Dkt. 28, Ex. 1). Moreover, Plaintiff acknowledged in her deposition that Assistant Store Managers work full-time, rather than part-time, because Defendant "needed somebody there to watch over the store" (Dkt. 27, Szasz, p. 22). Plaintiff also acknowledged that, in her position as an Assistant Store Manager, Plaintiff was responsible for working alone at times, and handling all tasks in the store, including opening and unpacking cartons and totes, and stocking and storing the merchandise (Dkt. 27, Szasz, pp. 10, 22, 16-17, 36, 90, 104).

8

The record thus establishes that lifting more than ten pounds and working more than four hours per day are "the duties of the particular job" (Dkt. 27, Decl. of J. Unger, ¶¶ 4, 5, 7, 8). Plaintiff's restrictions on these duties prevent her from meeting her burden of showing that she could perform the job duties of an Assistant Store Manager. *See, e.g., White v. Standard Insurance Company*, 12-1287, 529 Fed. App'x. 547, 550 (6th Cir. June 28, 2013) (affirming summary judgment on ADA claim where the plaintiff was restricted to no more than four hours per day because full-time work was required by the plaintiff's job duties)[4]; *Brown v. Lear Corp.*, 220491, 2000 WL 33403006 (Mich. Ct. App. Nov. 3, 2000) (affirming summary disposition because the plaintiff failed to establish that, even with an accommodation for her lifting restrictions, her condition was unrelated to her ability

---

[4] The PWDCRA substantially mirrors the federal American's With Disabilities Act (the "ADA"). *See Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 n. 3 (6th Cir. 1998); *Chiles v. Machine Shop, Inc.*, 238 Mich.App. 462 (1999). The Michigan Supreme Court has noted that "both statutes require *essentially* the same analysis, and in the predominant number of cases, the result under either statute may well be the same." *Peden v. City of Detroit*, 470 Mich. 195, 217 (2004) (emphasis in original). One notable difference, however, is that "[u]nlike the ADA, the PWDCRA does not provide specific guidance regarding what the *duties of a particular job* are. Thus, the task falls upon the judiciary to determine how to resolve relevant disputes in the absence of a more specific legislative directive." *Id* (emphasis in the original). The Michigan Supreme Court further noted that the analysis "regarding what constitute the 'duties of a particular job' is premised on an assumption that the employer is the single most interested person in the world in the success of his business. Therefore, as a general matter, it can reasonably be expected that the functions or duties that the employer specifies for a given position will be those reasonably well-designed to effect the success of such business. It is contrary to the economic interests of a reasonable employer to define a job position in a manner that is either inadequate or irrelevant. While the employer's own judgment about the duties of a job position will not always be dispositive, it is nonetheless always entitled to substantial deference…. Thus…in disputes regarding what the duties of a particular job are, the employer's judgment is entitled to substantial deference." *Id.* at 217-219.

to perform the duties of the position; further, "[t]he duty to accommodate disabled employees does not include the duty to transfer the employee to a position other than that actually held by the employee"); *Waller v. Ford Motor Co.*, 03-70932, 2005 WL 2173576 *8 (E.D. Mich. Sep. 7, 2005) (granting summary judgment because there was no evidence that the plaintiff, whose restrictions including no lifting over 10 pounds, was able to perform the duties of her job); *Wild v. Chrysler Corp.*, 194652, 1997 WL 33331060 (Mich. Ct. App. Nov. 21, 1997) (affirming summary disposition because the plaintiff was unable to perform the duties of his position where the plaintiff had medical restrictions on lifting).

Plaintiff also argues, in her response brief, that Defendant failed to engage in an "interactive process" in regards to Plaintiff's request for an accommodation. In other words, Plaintiff argues that Defendant was obligated to engage in a back and forth discussion with Plaintiff, in an attempt to agree upon reasonable accommodations. In support of this argument, Plaintiff cites various federal regulations that apply to the ADA. However, the Michigan Court of Appeals recognized that "a plaintiff cannot base a reasonable accommodation claim *solely* on the allegation that the employer failed to engage in an interactive process." *Moorehead v. Comerica, Inc.*, 203675, 2000 WL 33403027 (Mich. Ct. App. Oct. 31, 2000) (emphasis in the original, quoting *Rehling v. Chicago*, 207 F.3d 1009 (7th Cir. 2000)). Thus, any alleged failure on Defendant's part to engage in an interactive process does not save Plaintiff's PWDCRA claim.

In sum, under the PWDCRA, "an employer ... has no duty to accommodate the plaintiff by recreating the position, adjusting or modifying job duties otherwise required by the job description, or placing the plaintiff in another position." *Kerns v. Dura*, 242 Mich. App. 1, 16 (2000). The record before the Court – even when viewed in a light most favorable to Plaintiff – demonstrates that working greater than 4 hour shifts, and frequent lifting of up to 40 pounds (with occasional lifting of up to 55 pounds), was an "essential function" of an Assistant Store Manager. Since these are essential job functions, reducing Plaintiff's working hours to less than 4 hour shifts, and assigning other employees to lift any objects over 10 pounds, is not required for purposes of accommodation under the PDWCRA. Defendant did not have a duty to accommodate Plaintiff in the manner she desired, and Defendant is entitled to summary judgment on Plaintiff's PDWCRA claim.

### III.    CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment (Dkt. 27) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

        s/Terrence G. Berg
        TERRENCE G. BERG
        UNITED STATES DISTRICT JUDGE

Dated: September 18, 2014

## Certificate of Service

    I hereby certify that this Order was electronically submitted on September 18, 2014, using the CM/ECF system, which will send notification to each party.

                                       s/A. Chubb
                                       Case Manager